**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                                    **5:04-CR-04 (NAM)**

              **vs.**

**MAYNARD DENNIS,**

                   **Defendant.**

_____

## ORDER

In a letter dated February 14, 2008, and received by the Court on February 25, 2008,

defendant Maynard Dennis requested an extension of time within which to file a petition pursuant

to 28 U.S.C. § 2255:

> I respectfully request an additional 90 days extension to file a motion under 28 U.S.C.
> 2255 (Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal
> Custody) since my current expiration date is on February 16, 2008.  This will allow
> enough time to prepare and file said motion with the Clerk of the Court.
> I appreciate any consideration your Honor may offer in this matter.

Dkt. No. 59.  The government has opposed defendant's request.  Dkt. No. 60.

In *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000), the Second Circuit held that "a

federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is

actually filed." *Id*. at 164.  "Prior to an actual filing, 'there is no case or controversy to be heard,

and any opinion . . . on the timeliness issue would be merely advisory.'" *Green v. United States*,

260 F.3d 78, 82 (2d Cir. 2001) (quoting *Leon*, 203 F.3d at 164).  Before denying a motion for an

extension of time, however, the Court:

> must first determine whether the motion contains allegations supporting a claim for
> relief under section 2255.  If it does, the district court should construe it as such and
> then decide whether the motion is timely.  If it does not, the district court has no
> jurisdiction under *Leon* to consider the motion.

*Green*, 260 F.3d at 83.

In this case, defendant has not yet filed a motion under § 2255.   Thus, the Court must consider whether defendant's motion for an extension of time contains allegations sufficient to support a claim for relief under § 2255.

"A motion under section 2255 must 'specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.'" *Id.* (quoting Rules Governing Section 2255 Proceedings, Rule 2(b)).  Here, even considered liberally, defendant's *pro se* February 14, 2008 request for an extension of time does not refer to any ground in law or fact which would entitle him to relief under § 2255.  Thus, the Court has no basis upon which to construe defendant's letter as a substantive § 2255 petition.  *See id.* at 84 (finding that "the district court did not err by failing to treat [the prisoner's] motion to extend time as a substantive section 2255 motion" because the motion to extend time did "not contain a single reference to any cognizable claim under section 2255").  Accordingly, under *Leon*, *supra*, the Court lacks jurisdiction to consider defendant's request for an extension of time.

**IT IS SO ORDERED.**

Date:  March 4, 2008

Norman A. Mordue
Chief United States District Court Judge